IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 
KENNETH GUNNELLS, ) 
 ) 
 Plaintiff, ) 
 ) 
 ) 
 v. ) CASE NO. 2:19-CV-781-WKW 
 ) [WO] 
CENTURY ARMS; CENTURY ) 
ARMS, INC.; CENTURY ) 
INTERNATIONAL ARMS, INC.; ) 
CENTURY INTERNATIONAL ) 
ARMS OF VERMONT, INC.; ) 
CENTURY INTERNATIONAL ) 
ARMS CORPORATION; ) 
CENTURY WORLD ) 
ENTERPRISES, INC.; CENTURY ) 
WORLD INVESTMENT ) 
CORPORATION; CANIK, USA, ) 
LLC; and SAMSUN DOMESTIC ) 
AND INDUSTRY CORPORATION; ) 
 ) 
 Defendants. ) 

 ORDER 
 This action arises from injuries Plaintiff Kenneth Gunnells suffered when his 
holstered Canik TP9 pistol “fell to the ground” and “improperly discharg[ed] a 9mm 
round upward into Mr. Gunnells’ face (left cheek) which exited through his left ear.” 
(Doc. # 1-1, ¶ 18 (Compl.).) Before the court is the Motion to Dismiss Plaintiff’s 
Complaint for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Federal 
Rules of Civil Procedure, which was filed by the following five non-resident 
Defendants: (1) Century International Arms of Vermont, Inc.; (2) Century 
International Arms Corporation; (3) Century World Enterprises, Inc.; (4) Century 

World Investment Corporation; (5) and Canik USA, LLC. (Doc. # 18.) Defendants 
also move for dismissal of the non-entity, Century Arms. (Doc. # 18.) Although 
given an opportunity (Doc. # 20), Plaintiff did not file a response to the motion, 

notwithstanding that he bears the burden of establishing a prima facie case of 
personal jurisdiction over the non-resident Defendants. See Norment Sec. Grp., Inc. 
v. Granger N., Inc., No. 2:08-CV-533-WKW, 2009 WL 458540, at *1 (M.D. Ala. 
Feb. 23, 2009) (setting forth the standard of review on a Rule 12(b)(2) motion). 

 Based upon careful consideration and for the reasons articulated in 
Defendants’ motion, it is ORDERED that Defendants’ motion to dismiss (Doc. # 18) 
is GRANTED. Accordingly, Plaintiff’s action against Century International Arms 

of Vermont, Inc., Century International Arms Corporation, Century World 
Enterprises, Inc., Century World Investment Corporation, Canik USA, LLC, and 
Century Arms is DISMISSED. 
 Furthermore, Plaintiff did not file a response to the Order directing that he 

demonstrate the measures he has taken to serve Samsun Domestic Defense and 
Industry Corporation (“Samsun”), a foreign corporation. (Doc. # 20.) Because 
Plaintiff has not shown due diligence in his attempts to serve Samsun (see Doc. # 20, 
at 2–3), it is ORDERED that Plaintiff’s action against Samsun Domestic Defense 
and Industry Corporation is DISMISSED. 

 This action proceeds against the remaining two Defendants: Century Arms, 
Inc.; and Century International Arms, Inc. 
 DONE this 4th day of November, 2020. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE